# In the United States Court of Federal Claims

No. 03-2625C
(Filed: April 27, 2012)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ENTERGY GULF STATES, INC., and                *
ENTERGY GULF STATES                           *
LOUISIANA, L.L.C.,                            *
                                              *
            Plaintiffs,                       *
                                              *
     v.                                       *
                                              *
THE UNITED STATES,                            *
                                              *
            Defendant.                        *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

___

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION
TO COMPEL DISCOVERY RESPONSES**
___

**WILLIAMS,** Judge.

    This spent nuclear fuel ("SNF") case comes before the Court on Plaintiffs' motion to compel responses to discovery on fees imposed by the Nuclear Regulatory Commission ("NRC"). Defendant objected to the discovery requests as untimely, contending that these discovery requests were served too late because responses would not be due until after the discovery cutoff. However, because all due dates were held in abeyance pending the Federal Circuit's resolution of the applicability of the unavoidable delay defense to damages, the requests were timely, and the Court **GRANTS** Plaintiffs' Motion to Compel Discovery Responses.

### Discussion

    Plaintiffs filed the instant motion to compel when Defendant refused to respond to Plaintiffs' November 4, 2011 discovery requests, claiming they were untimely because they were filed on the eve of the close of discovery. However, all deadlines, including the discovery cutoff, were held in abeyance pending resolution of the motion to strike Defendant's unavoidable delay defense.

Prior to the filing of Plaintiffs' discovery requests, the Court ruled that all deadlines would be held in abeyance, as is evidenced by the colloquy during the hearing on the motion to strike and the resultant scheduling order. During the hearing, the Court and parties discussed how the unavoidable delays defense would affect the schedule:

> The Court: . . . . Mr. Tomaszczuk, do you have any problem with holding these [deadlines for memorandum regarding pretrial briefing] in abeyance until we speak again on December 7th?
>
> Mr. Tomaszczuk: . . . . We've got a discovery closing date of November 10th. The Court just granted leave to complete these experts by the 18th. And then we've got our witness and exhibit list due on the 22nd. <u>I think it makes sense to hold those dates really from November 10th onward in abeyance</u> until we've had the opportunity to argue and get guidance from the Court on the 7th of December.
>
> The Court: That's fine with the Court. That's a good idea.

Tr. 36-37 (emphasis added).[1] The Court later clarified: "So just to recap then, all the due dates for filings by the parties are held in abeyance until at least December 7, 2011, and when the Court will give you some further deadlines." Tr. 38.

Following the telephonic hearing, the Court issued a scheduling order establishing dates for the parties to file briefs related to the unavoidable delays defense and ordered that "[a]ll other due dates are held in abeyance until the resolution of the Motion to Strike." Order, Oct. 24, 2011. Plaintiffs subsequently served discovery requests concerning NRC Fees on November 4, 2011. Because the Court has not yet revisited the schedule or set a new discovery cutoff, Plaintiffs' requests are timely.[2]

There is another practical reason for permitting this discovery at this juncture. Recent decisions from the Federal Circuit have highlighted the requirements that a plaintiff utility must meet in order to recover damages related to NRC fees. In <u>Boston Edison Co. v. United States</u>, 658 F.3d 1361 (Fed. Cir. 2011), the Federal Circuit instructed the Court of Federal Claims to "determine whether adjustments should be made to Entergy's damages award to account for the decreased share of generic wet storage and decommissioning fees paid by Entergy as a consequence of the NRC's rule change." 658 F.3d at 1370. Further, in <u>Consolidated Edison Company of New York, Inc. v. Entergy Nuclear Indian Point 2, LLC</u>, the Federal Circuit recently held that the plaintiff utility could not recover damages associated with the NRC fee change because it failed to establish a direct link between the breach and the rule change. Nos.

---

[1] All cites to "Tr." refer to the oral argument concerning Plaintiffs' motion to strike Defendant's unavoidable delays defense, held on October 24, 2011.

[2] On December 12, 2011, the Court issued an order formally staying proceedings pending a decision by the United States Court of Appeals for the Federal Circuit on whether the Court would consider an interlocutory appeal in <u>Entergy Fitzpatrick, LLC v. United States</u>, No. 03-2627C, related to the availability of the "unavoidable delays" affirmative defense to damages. Order Staying Proceedings, Dec. 12, 2011.

2010–5155, 2010–5157, 2012 WL 1284402, at *6-*7 (Fed. Cir. Apr. 16, 2012). Plaintiffs' discovery requests go directly to these issues. In this action, Plaintiffs seek to recover the "licensing and regulatory costs associated with obtaining pertinent NRC approvals and NRC preoperational demonstrations." 2d Am. Compl. ¶ 37. Plaintiffs' first interrogatory highlights the impact of <u>Boston Edison</u> in seeking "the amount the Government believes the trial court, on remand, and <u>in compliance with the Federal Circuit's ruling</u>, should award to Plaintiff . . . for 'generic' Part 171 fees . . . ." Pls.' First Set of Interrogs. 9 (emphasis added).[3] Interrogatory Number 2 asked Defendant to state the amount of cost savings that Plaintiffs realized because of the Spent Fuel Storage/Reactor Decommissioning ("SFS/RD") fee for each year from 1999 through 2010. Pls.' First Set of Interrogatories 10. In their First Request for the Production of Documents, Plaintiffs seek all "documents related to the NRC's computation of Part 171 generic fees during . . . 1999-2010," as well as records with information on "damages setoffs or reductions . . . relating to . . . Part 171 generic fees." Pls. Req. 8. These discovery requests are directly related to Plaintiffs' demand for NRC fees and the issue of cost avoidance due to the 1999 NRC rule change. Given the Federal Circuit's recent guidance in <u>Boston Edison</u> and <u>Consolidated Edison</u>, this discovery is appropriate.

Because this litigation is stayed and pretrial proceedings have yet to occur, there is no reason to deny this discovery on timeliness grounds. Trial has not yet been scheduled, and Defendant will suffer no prejudice by responding to this discovery. Defendant argues that Plaintiffs should have requested discovery on the NRC fees and avoided costs months before <u>Boston Edison</u> was issued, and before discovery was close to completion, because earlier precedent put Plaintiffs on notice of this need. Def.'s Resp. 17 (citing <u>Energy Nw. v. United States</u>, 641 F.3d 1300, 1307-08 n.5 (Fed. Cir. 2011); <u>S. Nuclear Operating Co. v. United States</u>, 637 F.3d 1297, 1304 (Fed. Cir. 2011). The Court is not persuaded by Defendant's argument. While Defendant is correct that the Federal Circuit addressed the importance of avoided costs in its opinions in <u>Southern Nuclear</u> and <u>Energy Northwest</u>, those cases did not discuss the 1999 NRC fee change.

---

[3] The NRC is responsible for licensing the use of nuclear materials, including use by any licensees who "(i) . . . transfer or receive interstate commerce, transfer, deliver, acquire, possess, own, receive possession of or title to, import, or export . . . , special nuclear material, (ii) to make special nuclear material available for the period of the license, and, (iii) to distribute special nuclear material within the United States to qualified applicants." 42 U.S.C. 2073(a) (2006). The generic fee schedule under 10 C.F.R. Part 171 covers costs that the Commission incurs through research activities, rulemaking, and regulatory support for agreement states. 10 C.F.R. § 171.15 (2011).

**Conclusion**

Plaintiffs' Motion to Compel Discovery Responses is **GRANTED**. Defendant shall respond to the subject discovery requests by **June 29, 2012**.[4]

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[4] Defendant asked for additional time to respond to this discovery claiming that the NRC's production will entail an arduous process, including review of archived documents predating 1998. Answering the interrogatories would require a similar information-gathering and analysis effort. However, this discovery is ongoing in other SNF cases. In light of these considerations, the Court grants Defendant 60 days from the date of this order to respond to this discovery -- not 60 days after the stay is lifted, as Defendant requested.